CHEHARDY, Chief Judge.
Richard Hotard, acting as his own attorney, filed suit for damages against Judge Thomas J. Malik, Don Almerico and Wayne W. Foley. The defendants are, respectively, the trial judge and attorneys involved in proceedings concerning Mr. Hotard’s judi- *770 dal separation from his wife. Hotard alleged the defendants deliberately falsified evidence at a “nullity hearing” in December 1980, at which Hotard attempted to revoke a January 1977 consent judgment that granted custody of the Hotard children to Mrs. Hotard and awarded alimony to her.
Specifically, Hotard asserted that the judgment he sought to annul was rendered without his consent; further, that the trial judge, Mrs. Hotard’s attorney, and Mr. Ho-tard’s own former attorney all lied by testifying that Mr. Hotard himself had consented to the judgment.
The defendant judge filed a reconventional demand against Mr. Hotard, alleging that Hotard had illegally threatened, harassed and attempted to intimidate the judge and his family through telephone calls. In a subsequent motion for summary judgment, Judge Malik alleged that Mr. Hotard’s cause of action against him had prescribed and also that Mr. Hotard was fully informed, through his then-counsel, of the provisions of the contested judgment. Judge Malik also filed exceptions of prescription, alleging that Hotard’s cause of action lies in tort and therefore was prescribed by the passage of one year, and of no cause of action, based on judicial immunity. Malik filed other peremptory exceptions that also appear to be within the scope of the no-cause-of-action exception. Defendant Almerico also filed an exception of prescription.
On October 14, 1986, judgment was rendered in favor of Malik, maintaining his peremptory exceptions and dismissing plaintiff's action against him. From that judgment plaintiff has taken this appeal.
(Thereafter, on November 10, 1986, judgment was rendered in favor of Almerico, maintaining his exception of prescription and dismissing plaintiff’s suit against him. The record contains no appeal from that judgment. Accordingly, it appears only the judgment dismissing Malik from the suit is at issue before us.)
As stated above, Mr. Hotard represents himself in this case. He did not present any evidence at the hearing in which the judgment before us was rendered; therefore, we do not have the records of either the 1977 proceeding or of the 1980 proceeding to annul the consent judgment. As best we can glean from the record before us, Mr. Hotard’s attempt to annul the consent judgment was denied and his appeal from that denial was dismissed by the Fourth Circuit.
Hotard’s brief alleges that transcripts and minute entries of the court proceedings have been altered. He alleges civil rights violations by what he terms “the so-called legal system in the 29th and 40th Judicial System.” He also attaches copies of newspaper articles that he contends prove “the Judicial System in this area is completely devoid of sanity and rationality.”
He states he has notified the Louisiana State Bar Association and the Judicial Administrator’s Office of the alleged alterations in the court records, but says that those bodies “apparently chose to close their eyes to the facts.”
The district judge predicated his dismissal of Hotard’s claim against Malik on the principle of judicial immunity and also on a finding that the claim sounded in tort and thus had prescribed by the passage of more than one year from the date on which the alleged false testimony was given.
Regarding judicial immunity, we note that there may be some difference between the actions of a judge in hearing a case as opposed to the actions of a judge testifying as a witness regarding a case on which he sat. We find it unnecessary, however, to rule on the question of judicial immunity here, because the claim clearly was prescribed.
The claim asserted by Hotard against Malik is for damages resulting from alleged falsification of evidence in another case. Such an action is an offense or quasi-offense for which redress is provided by Louisiana Civil Code Article 2315, which states: “Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.”
*771 Louisiana Civil Code Article 3492 provides, “Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.” As stated in the Comments following Article 3492, “The notion of delictual liability includes: intentional misconduct, negligence, abuse of right, and liability without negligence.”
The hearing on Hotard’s motion to annul, at which the allegedly false testimony was given, took place in December 1980 (the exact date is unspecified). Barring any event that interrupted or suspended the running of prescription — and we have no evidence of any such occurrence — the latest date on which Hotard could have asserted this claim would have been December 81,1981. This suit was filed on December 13,1985. Accordingly, the action plainly has prescribed.
For the foregoing reasons, the judgment of the district court is affirmed. Costs are assessed against the appellant.
AFFIRMED.